THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE GEORGE TOWN CLUB AT SUTER'S TAVERN**,<br><br>      Petitioner,<br><br>      v.<br><br>**GILBERTO SALAMANCA**,<br><br>      Respondent. | Civil Action No.: 1:06cv02181 (EGS) |

**PETITIONER'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS PETITION TO COMPEL ARBITRATION**

Petitioner hereby moves for leave to file a reply memorandum in support of its Petition to Compel Arbitration and in support thereof states as follows:

1.  Petitioner filed its Petition to Compel Arbitration on December 22, 2006.

2.  Respondent filed its Answer and Opposition to the Petition to Compel Arbitration on January 5, 2007.

3.  The Federal Arbitration Act, 9 U.S.C. § 4, does not explicitly provide for an opportunity for the Petitioner to reply to the Respondent's opposition.

4.  Petitioner submits that its reply memorandum will assist the Court in evaluating the merits of the issues presented by its Petition, specifically, whether Respondent's claims arising out of his employment relationship with Petitioner are subject to an agreement between the parties to arbitrate such disputes.

5.  Pursuant to Local Rule 7(m), the Petitioner has conferred with counsel for the Respondent and he is not in agreement with Petitioner's requested relief sought.

6.  Petitioner's proposed Reply Memorandum is attached hereto.

- 2 -

WHEREFORE, the Petitioner hereby requests that its Motion for Leave to File Reply Memorandum in Support of Its Petition to Compel Arbitration be granted and that Petitioner's proposed Reply Memorandum attached hereto be deemed filed. A proposed Order is attached.

January 12, 2007                    Respectfully submitted,

**SONNENSCHEIN NATH & ROSENTHAL LLP**

By:   /s/ Amy L. Bess
       Amy L. Bess (D.C. Bar No. 418985)
       abess@sonnenschein.com
       Erin M. Shoudt (D.C. Bar No. 489515)
       eshoudt@sonnenschein.com
       1301 K Street, N.W.
       Suite 600, East Tower
       Washington, D. C. 20005
       (202) 408-6400 (telephone)
       (202) 408-6399 (facsimile)

*Attorneys for The George Town Club at Suter's Tavern*

**CERTIFICATE OF SERVICE**

   I, Erin M. Shoudt, do hereby certify that on January 12, 2006, the foregoing Petitioner's Motion for Leave to File Reply Memorandum in Support of its Petition to Compel Arbitration and proposed Order were filed and served utilizing the court's electronic case filing program on the following:

> Christopher "Kip" Schwartz, Esq.
> Eric Heyer, Esq.
> Dennis Southard, Esq.
> THOMPSON HINE LLP
> 1920 N Street, NW Suite 800
> Washington, DC 20036
> (202) 263-4157

         ___/s/ Erin M. Shoudt_____
          Erin M. Shoudt

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THE GEORGE TOWN CLUB AT SUTER'S TAVERN**,

      Petitioner,

  v.

**GILBERTO SALAMANCA**,

      Respondent.

Civil Action No.: 1:06cv02181 (EGS)

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT
OF ITS PETITION TO COMPEL ARBITRATION**

Although the Respondent, Gilberto Salamanca, disputes that he entered into a written agreement to arbitrate his claims against his former employer, The George Town Club at Suter's Tavern, Inc. (the "Club" or "Petitioner"), there are significant facts that are undisputed.

It is undisputed that when Respondent was hired in 1997, he was given a copy of the Club's Employee Manual ("Manual") containing an arbitration provision that required that any and all disputes between him and the Club be submitted to binding arbitration. See Declaration of Gilberto Salamanca ("Salamanca Decl.") at ¶ 3; Opp'n at 3. It is undisputed that Respondent received a new Manual from the Club in 2000 containing an identical arbitration provision. Salmanca Decl. ¶ 5; Opp'n at 3. Respondent does not allege that he told the Club that he refused to be bound by the arbitration provision -- because he did not. He does not allege that he was unaware of the arbitration requirement -- indeed, he fully admits his awareness of the Manual's other provisions by citing them extensively in his Superior Court complaint. Pet. Ex. B, ¶¶ 12-14. Respondent simply wants to hold the Club to the provisions of the Manual, but claim no corresponding obligation to abide by its requirements, to which he has consented by his conduct.

Notably, Respondent has cited no case decided by a D.C. court (and Petitioner is unaware of any) that holds that the absence of a document signed by the employee is automatically fatal to an employer's ability to pursue arbitration of an employee's claims in the face of other indicia of the parties' agreement to submit their disputes to binding arbitration.  In fact, when parties set forth the terms of their agreement, an intent to be bound by that agreement can be shown by the conduct of the parties.  Davis v. Winfield, 664 A.2d 836, 838 (D.C. 1995).  The cases Respondent cites in support of his position that he cannot be compelled to arbitrate are distinguishable and do not alter the fact that by his conduct, Respondent has agreed to arbitrate his employment claims against the Club.

Respondent cites Bailey v. Federal Nat'l Mortgage Ass'n, 209 F.3d 740, 744-747 (D.C. Cir. 2000) for the proposition that he cannot be forced to arbitrate absent a document he signed.  However, Bailey presents facts not at issue here, which distinguish that case from this one.  In Bailey, an employee filed a formal complaint asking his employer to investigate race and gender discrimination allegations and reserving his right to pursue his claims in a court.  209 F.3d at 742.  The complaint was submitted to the employer before the employer's new dispute resolution policy took effect, which stated that agreeing to arbitrate all employment disputes was a condition of employment.  Id.  After the employer rejected his formal internal complaint, the employee brought suit in court and the employer moved to stay pending arbitration based on the new arbitration policy.  Id. at 743.  The D.C. Circuit held that there was no agreement to arbitrate based on the new policy because not only did the employee do nothing to embrace the policy, he affirmatively rejected it when he intentionally filed his complaint before the policy was issued. Id. at 746.  Moreover, his continued employment after the dispute resolution policy was issued did not indicate assent because the employer assured him that he would not lose his job if he chose not to abide by the policy.  Id. at 747.

Similarly, in Phox v. Allied Capital Advisors, Inc., 1997 WL 198115, *1 (D.D.C.), an unpublished opinion, the court held that the employee had not knowingly and voluntarily entered an agreement to arbitrate his statutory claims. However, the employment handbook containing the conflict resolution policy was distributed after the employee informed his supervisor of his allegations of discrimination. Moreover, the arbitration provision in Phox was permissive rather than mandatory (the agreement merely stated that the employee "may" submit the dispute to arbitration). Therefore, the employee was not bound by the arbitration provision. Phox, 1997 WL 198115, at *2.

Unlike the circumstances in Bailey and Phox, where the policy was issued after the employee began employment, Respondent admits here that he received the Manual with the arbitration requirement at the time he began his employment at the Club. He further admits that he kept working at the Club even after the Club reiterated its requirement of mandatory arbitration by issuing its revised Manual in 2000 with identical arbitration language. Thus, Respondent accepted his employment with the Club and kept working there, knowing full well that he would be required to arbitrate any dispute that arose out of his employment. His conduct evidenced his consent to this agreement. Moreover, unlike the Plaintiff in Bailey, Respondent never expressed his disagreement with the arbitration requirement during his ten years of employment with the Club. Furthermore, unlike in Phox, the Club's arbitration requirement is mandatory. There could be no doubt in Respondent's mind as to his duty to arbitrate any dispute with the Club.

Finally, the third case cited by Respondent, Cole v. Burns Int'l Security Servs., 105 F.3d 1465, 1472-1484 (D.C. Cir. 1997), is actually favorable to the Club's position. In Cole, the D.C. Circuit reaffirmed the U.S. Supreme Court's announcement in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), that arbitration agreements can be enforceable in the employment

- 3 -

context as long as certain safeguards are in place to protect the employee's right to vindicate his statutory claims.  Thus, contrary to Respondent's argument (Opp'n at 3), an arbitration agreement in an employee handbook can be enforceable and would not constitute an impermissible "waiver" of an employee's statutory rights.  See also Benefits Comm. Corp. v. Klieforth, 642 A.2d 1299, 1304 (D.C. 1994) (adopting Gilmer and compelling arbitration of a claim under the D.C. Human Rights Act).

The arbitration provision set forth in the Club Manual also addresses any concerns related to an employee's ability to protect his statutory rights in arbitration.  In Cole, the court held that an arbitration agreement would be enforceable if it: 1) provided for neutral arbitrators; 2) provided for more than minimal discovery; 3) required a written award; 4) provided for all types of relief that would otherwise be available in court; and 5) did not require employees to pay either unreasonable costs *or* any arbitrator's fees or expenses as a condition of access to the arbitration forum.  105 F.3d at 1482.

Here, consistent with the D.C. Circuit's admonishment in Cole, the arbitration agreement provides for neutral arbitrators.  Pet. Ex. A at 61. Indeed, the agreement provides that the parties can either (i) agree to one arbitrator or (ii) each can appoint one arbitrator and together, they can appoint a neutral third.  Id.  Further, the arbitration agreement provides that the Club will pay for the costs of the arbitration.  Id.  Finally, the arbitration agreement here provides that the "board of arbitrators shall determine[sic] the procedures for the administration of the arbitration."  Id.  An arbitration agreement will not be declared invalid simply because decisions on rules and procedures are left to the arbitrator's discretion.  See Booker v. Robert Half Int'l, Inc., 413 F.3d 77, 82 (D.C. Cir 2005).  In Booker, the D.C. Circuit refused to invalidate an arbitration agreement despite plaintiff's allegation that the type of permissible discovery tools were left to the arbitrator's discretion, stating:

    such speculation about what *might* happen in the arbitral forum is plainly insufficient to render the agreement unenforceable. At no point does Booker claim that the agreement prohibits the arbitrator from affording what Booker asserts is required…to invalidate the agreement on the basis of Booker's speculation would reflect the very sort of 'suspicion of arbitration' the Supreme Court has condemned as 'far out of step with our current strong endorsement of the federal statutes favoring this method of resolving disputes.'

Id.  Similarly, the arbitration agreement in the Manual here provides the necessary safeguards for Respondent to vindicate his statutory rights in arbitration.

## **CONCLUSION**

    For the foregoing reasons, the Petitioner's Petition to Compel Arbitration should be granted and Respondents claims against Petitioner referred to arbitration.

January 12, 2007                          Respectfully submitted,

                                          **SONNENSCHEIN NATH & ROSENTHAL LLP**

                                          By:   /s/ Amy L. Bess
                                                  Amy L. Bess (D.C. Bar No. 418985)
                                                  abess@sonnenschein.com
                                                  Erin M. Shoudt (D.C. Bar No. 489515)
                                                  eshoudt@sonnenschein.com
                                                  1301 K Street, N.W.
                                                  Suite 600, East Tower
                                                  Washington, D. C. 20005
                                                  (202) 408-6400 (telephone)
                                                  (202) 408-6399 (facsimile)

                                      *Attorneys for The George Town Club at Suter's Tavern*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THE GEORGE TOWN CLUB AT SUTER'S TAVERN**,

      Petitioner,

  v.

**GILBERTO SALAMANCA**,

      Respondent.

Civil Action No.: 1:06cv02181 (EGS)

### [PROPOSED] ORDER

This matter came before this Court on the Petitioner's Motion for Leave to File Reply Memorandum In Support of its Petition to Compel Arbitration. Having considered the motion, it is this ___ day of _____, 2007 hereby:

    1. **ORDERED** that the Motion for Leave to File Reply Memorandum in Support of its Petition to Compel Arbitration is **GRANTED**;

    2. **ORDERED** that the Petitioner's Reply Memorandum in Support of its Petition to Compel Arbitration is deemed filed as of the date of the entry of this Order.

    **SO ORDERED**.

_____
Emmet G. Sullivan
UNITED STATES DISTRICT COURT JUDGE