UNITED STATES DISTRICT COURT
DISCRICT OF COLUMBIA

---------------------------------------------------------------x

THE GEORGETOWN CLUB AT SUTER'S
TAVERN, INC.,

        Plaintiff,

   -v-           Case No.: 1:06-cv-02181(EGS)

GILBERTO SALAMANCA,

        Defendant.

---------------------------------------------------------------x

## REPLY IN SUPPORT OF PETITION
## TO COMPEL ARBITRATION

Petitioner The George Town Club at Suter's Tavern (the "Club"), through counsel, submits this reply in support of its petition to compel arbitration.

In his brief, Respondent Salamanca does not dispute that he received the Club's employee manual containing the arbitration agreement when the Club hired him in 1997. Respondent does not dispute that he received another copy of the same arbitration agreement from the Club in 2000. Respondent does not allege that he failed to read or understand the arbitration agreement. Respondent does not dispute that he worked for the Club for nearly a decade after receiving these arbitration agreements.

Respondent also does not dispute that the arbitration agreement covers the claims raised in his Superior Court complaint. Respondent does not challenge the fairness of the procedures in the arbitration agreement. Respondent also does not dispute this Court's power to compel the parties to arbitrate pursuant to the arbitration agreement.

Instead, Respondent argues that the parties never agreed to arbitrate their claims. Respondent seeks to evade his agreement to arbitrate by focusing on irrelevant facts and misapplying case law. The Club asks the Court to enforce the parties' agreement to arbitrate.

### A.  Respondent's Failure to Sign the Arbitration Agreement is not Determinative

Respondent argues that the arbitration agreement is not enforceable because he did not sign the employee manual acknowledgement form. The FAA does not require a signature to make an arbitration agreement enforceable. "Although § 3 of the FAA requires arbitration agreements to be written, it does not require them to be signed." *Tinder v. Pinkerton Security*, 305 F. 3d 728, 736 (7th Cir. 2002). D.C. law also does not require signatures to make a contract enforceable. *Davis v. Winfield*, 664 A.2d 836, 838 (D.C. 1995) ("a signed writing is not essential to the formation of a contract").

Respondent cites two cases to support his argument that a failure to sign voids an otherwise enforceable arbitration agreement. In *Bailey v. Federal Nat'l Mort. Assoc.*, 209 F. 3d 740 (D.C. Cir. 2000), the employee filed a written complaint with his employer on March 12, 1998. In that complaint, the employee expressly reserved his right to file with the EEOC or in court. *Id.* at 742. Four days after the employee filed his complaint, on March 16, 1998, the employer promulgated its arbitration policy. *Id.* The employee never rescinded his right to file in court, and his counsel expressly rejected the application of the arbitration policy. *Id.*

Likewise, in *Phox v. Allied Capital Advisers, Inc.*, 1997 WL 198115 (D.D.C. 1997), the arbitration policy "was distributed *after* plaintiff" submitted his complaint to his employer. *Id.* at *1 (emphasis in original). The arbitration clause in *Phox* was also permissive, providing only that the parties "may" submit their claims to arbitration. *Id.*

2

The facts of the instant case are nothing like those in *Bailey* or *Phox*. Here, it is undisputed that Respondent received the arbitration agreement at the time he was hired and then again three years later. Respondent worked under this agreement for nearly a decade. Unlike *Bailey* and *Phox*, the Club did not promulgate its arbitration policy after it had notice of a claim; the Club had an arbitration agreement in place for almost 10 years before Respondent's claim was filed.

Unlike *Phox*, the arbitration agreement here is not permissive; it is mandatory for both parties. Unlike *Bailey*, Respondent here never disclaimed the arbitration agreement. Respondent admits to receiving the arbitration agreement and does not deny reading it. Importantly, Respondent also admits he did not refuse to sign the acknowledgement form; he was never asked to sign one. (Salamanca Decl. at ¶¶ at 3, 5). Unlike the employees in *Bailey* and *Phox*, Respondent here chose to accept and then continue employment knowing the Club required him to arbitrate any claims.

Unlike *Bailey* and *Phox*, Respondent's undisputed actions demonstrate he had notice of the arbitration agreement years before any claim arose and continued to work for the Club knowing any claims were required to go to arbitration. In these circumstances, Respondent's failure to sign the arbitration agreement or acknowledgement form is immaterial.[1]

---

[1] Respondent argues that the Club is estopped from relying on the arbitration agreement in the employee manual because the Club's prior counsel also referred to the acknowledgement form when arguing with Respondent's counsel that Respondent was required to arbitrate. Respondent can identify no detrimental reliance to support this estoppel theory. Respondent has not changed his position based on anything the Club's counsel wrote – Respondent's counsel has continually refused to abide by the arbitration agreement throughout this litigation. Argument between counsel does not estop a party from arguing another legal theory when the parties' substantive positions have not changed. Moreover, the acknowledgement form and the employee manual both concern the same agreement to arbitrate.

### B.     Consideration Exists for the Agreement to Arbitrate

Respondent also argues, relying on *Bailey*, the Club's continued employment of Respondent is not sufficient consideration for the arbitration agreement. This argument fails for two reasons. First, Respondent admits the Club gave him the arbitration agreement when it hired him.[2] Second, *Bailey* holds no such thing. Under D.C. law, continued employment is sufficient consideration to support an arbitration agreement. *See Hobley v. Kentucky Fried Chicken, Inc.*, 2004 U.S. Dist. Lexis 29273 *8, CV 04-0314 (D.D.C. Aug. 3, 2004) ("[KFC's] continued employment of Rev. Hobley . . . constituted consideration for his promise to submit claims to arbitration."); *see also Ellis v. James V. Hurson Assoc.*, 565 A.2d 615 (D.C. 1989) (continued employment is sufficient consideration to support covenant not to compete entered into during course of employment).

The fact that the Club's arbitration agreement is mutual is, by itself, also sufficient consideration. *See Hobley at* *8 ("mutuality of the arbitration agreement" is sufficient consideration); *Sapiro v. Verisign*, 310 F. Supp. 2d 208, 214 (D.D.C. 2004) ("Mutual agreements to arbitrate are independently sufficient forms of consideration.").

Accordingly, the parties' agreement to arbitrate here is supported by sufficient consideration as a matter of law.

### C.    Respondent's At-Will Employment Disclaimer
###        Is Irrelevant to the Agreement to Arbitrate

Respondent also argues that an at-will employment disclaimer in the employee manual acknowledgement form renders the arbitration agreement in the manual unenforceable. It is

---

[2] Respondent's argument that the arbitration agreement in the 1997 employee manual is not operative because the Club reprinted the exact same agreement in 2000 makes no sense. The arbitration agreements in the two manuals are identical. The Club and Respondent did not reach a new agreement to arbitrate in 2000, the Club merely reaffirmed the agreement already in place. This argument is also irrelevant because, as explained above, continued employment is consideration for an agreement to arbitrate.

4

undisputed that Respondent was not presented with this acknowledgement form. (Salamanca Decl. at ¶¶ 3,5). There is no evidence in the record that Respondent ever read this acknowledgment form while working for the Club. Respondent could not have believed that an at-will disclaimer in the acknowledgement form had any impact on his agreement to arbitrate if he never read the disclaimer.

Any fair reading of this acknowledgement form also shows the language at issue disclaims an employment contract for a particular term and has nothing to do with the arbitration agreement. The acknowledgment form first confirms that the employee has read the manual and explains the manual is not a "express or implied contract of employment." Next, in a separate paragraph, the acknowledgment form reiterates the agreement to arbitrate in the manual. No sensible reading of this form could suggest the Club did not intend to enforce the agreement to arbitrate. There is no evidence that Respondent understood the at-will disclaimer as his counsel now argues because Respondent never read the acknowledgement form in the first place.

## CONCLUSION

The Club gave Respondent a mutual, binding arbitration agreement when it hired him and reissued the same agreement three years later. Respondent read the manual with the arbitration agreement and chose to work for the Club for nearly a decade, receiving all the benefits of employment. Now Respondent wants to avoid that agreement on technicalities – his failure to sign the agreement, the Club's reprinting of the agreement, and language in an acknowledgement form Respondent never even read. The intentions of the FAA are not served by allowing Respondent to evade his obligations. The Club asks the Court to enforce the parties' agreement.

For the foregoing reasons and those stated in the Club's Petition and opening brief, the Club asks the Court to grant the petition and compel Respondent to arbitrate his claims.

                    Respectfully submitted,

                    **JACKSON LEWIS LLP**

February 23, 2007          By: /s/ John M. Remy
                                          John M. Remy (D.C. Bar No.461244)
                                          8614 Westwood Center Drive, Suite 950
                                          Vienna, Virginia 22182
                                          703-821-2189
                                          Fax: 703-821-2267
                                          remyj@jacksonlewis.com
                                          **Attorney for Petitioner**