# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 07-7089                                     September Term, 2007

THE GEORGE TOWN CLUB AT SUTER'S TAVERN, INC.,
APPELLANT

v.

GILBERTO SALAMANCA,
APPELLEE

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED MAR 10 2008

CLERK

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 4/16/08
BY: [signature] Deputy Clerk
ATTACHED: ___ Amending Order
           ___ Opinion
           ___ Order on Costs

Appeal from the United States District Court
for the District of Columbia
(No. 06cv02181)

---

Before: TATEL and GARLAND, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Gilberto Salamanca was an employee of the George Town Club at Suter's Tavern from 1997 until 2006, when he was fired. After the Club terminated him, Salamanca filed suit in the District of Columbia Superior Court, alleging race discrimination and retaliation in violation of the D.C. Human Rights Act, D.C. CODE §§ 2-1401.01 *et seq.*, and failure to comply with the continuing coverage provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1162. The Club filed a petition in the United States District Court for the District of Columbia to compel arbitration, and the court denied the petition, holding that the arbitration clause of the Club's employment manual was not an enforceable contract because neither party had evidenced an intent to be bound by it. Specifically, the court held that neither Salamanca's decision to begin work after first receiving a copy of the manual nor his decision to continue working after receiving a later edition of the manual was sufficient to demonstrate his assent to the agreement. The court also concluded that the Club had evinced an intent *not* to be

United States Court of Appeals
for the District of Columbia Circuit

By: [signature] Deputy Clerk

-2-

bound by the terms of the manual by requiring other employees (but not Salamanca) to sign an acknowledgment form stating their "understand[ing] that nothing in the Manual may be construed to be an expressed or implied contract of employment" and their "agree[ment] that any controversy arising out of . . . employment with the Club . . . shall be resolved by arbitration." J.A. 118-20.

On appeal, the Club challenges the district court's conclusion that the employment manual's arbitration clause does not constitute a binding agreement and claims that the court ignored the parol evidence rule in considering the acknowledgment form as evidence that the Club did not intend to be bound. These challenges fail. The district court correctly applied *Bailey v. Federal National Mortgage Ass'n*, 209 F.3d 740 (D.C. Cir. 2000), in finding that Salamanca never agreed to be bound by the arbitration language in the Club's employee manual as is required for contract formation under District of Columbia law. *Bailey* notes that "'the unilateral promulgation by an employer of arbitration provisions in an Employee Handbook does not constitute a "knowing agreement" on the part of an employee to waive a statutory remedy provided by a civil rights law.'" *Id.* at 746-47 (quoting *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 762 (9th Cir. 1997)). Salamanca's commencement of employment after first receiving the manual and his continued employment after the Club reissued the manual thus reveal no "meeting of the minds" between the parties. *Id.* at 745. Furthermore, the district court properly looked to the acknowledgment form -- signed by several other employees but not by Salamanca -- as evidence of the Club's intent. That form clearly indicates that the Club did not consider the employee manual to be a binding contract. Contrary to the Club's argument, courts may consider extrinsic evidence, like the acknowledgment form, in ascertaining whether the parties intended to enter into a contract. *See* Restatement (Second) of Contracts § 214 cmt. a (1981). Given that evidence, the district court's finding that the Club lacked the intent to be bound by the manual was not clearly erroneous.

Pursuant to D.C. Circuit Rule 36(b), this decision will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

FOR THE COURT:<br>
Mark J. Langer, Clerk<br>
BY: <i>[signature]</i><br>
Deputy Clerk